```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   NIGEL GRANT,                                             :
                                                            :
                                  Plaintiff,                :
                                                            :         14-CV-7761 (JPO)
                    -v-                                     :
                                                            :         OPINION AND ORDER
   CAROLYN W. COLVIN, Acting Commissioner,                  :
   Social Security Administration,                          :
                                                            :
                                  Defendant.                :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

      Plaintiff Nigel Grant brings this action challenging a decision by the Commissioner of Social Security (the "Commissioner") concerning his eligibility for disability benefits. The Commissioner moves for judgment on the pleadings with respect to Grant's claim that he is entitled to additional "quarters of coverage" under 42 U.S.C. § 413, and moves to dismiss Grant's claim for benefits under the United Kingdom ("UK") pension system pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 14.) Grant cross-moves for judgment on the pleadings. (Dkt. No. 20.) For the reasons that follow, the Commissioner's motion for judgment on the pleadings is granted, the motion to dismiss under Rule 12(b)(1) is granted, and Grant's motion for judgment on the pleadings is denied.

I.      **Background**

    A.    **Factual Background**

      This case concerns two applications for disability benefits. On September 28, 1999, Grant filed an application for benefits based on a back disorder. (Dkt. No. 7 ("Tr.") at 95-96, 146-48.) When completing that application, Grant was asked: "Do you expect to be entitled to a pension not covered under SSA in the future?" (Dkt. No. 20 at 13.) He answered no. The final

1

summary of Grant's application, which he signed, contained the statement: "I am not entitled to nor do I expect to become entitled to a pension or annuity based in whole or in part on work after 1956 not covered by social security." (Tr. at 146.)  Grant was found to be disabled. (Tr. 96.)

Nearly nine years later, in March 2008, Grant filed an "Application for Benefits under a U.S. International Social Security Agreement." (Tr. 24-27.)  In that application, Grant alleged that he was entitled to disability benefits under the UK pension system.  Grant, who was born in England, stated that had worked in the UK between 1980 and 1987. (Tr. 24.)

The UK Pension Service denied Grant's claim on August 20, 2008.  The denial letter stated: "[W]hen you made your application for US Disability Benefit on 15 September 1999, you confirmed that you had no insurance coverage in any other country, therefore we have to accept your date of claim to UK Incapacity Benefit as 14 March 2008." (Tr. 29.)  It went on to explain that, because the "time limit for claiming UK Incapacity Benefit is three months," Grant was not entitled to benefits "from 14 October 1998 to 13 December 2007." (*Id.*)  The UK Pension Service also concluded that Grant was ineligible for benefits "from and including 14 December 2007" because he had not been "paid or credited with contributions in the USA or the UK in the two relevant tax income years ending on 05 April 2005 and 05 April 2006." (*Id.*)

Two weeks after receiving the denial letter from the UK Pension Service, Grant filed a statement with the Bronx, New York District Office of the Social Security Administration ("SSA"). (Tr. 36.)  In his statement, Grant sought "review of the decision you have made on my UK Incapacity Benefit Application." (*Id.*)  He reported that he "never said that [he] did not have insurance coverage in any other country" and requested a copy of his 1999 benefits application. (*Id.*)

2

Grant received several letters from the SSA in response to his statement. A letter dated April 27, 2009 read: "You sent us an application to apply for United Kingdom benefit. Our office reviewed this application and sent [it] to the United Kingdom to process your claim . . . . Once the claim is sent to the foreign agency, you must contact that agency if you have any other questions concerning this claim." (Tr. 45.) Grant thereafter made a number of calls to the SSA, and on October 18, 2011, filed a formal request for reconsideration. (Tr. 65.) The request stated: "I believe I should be entitled to quarters of credits for the tax years of 2004-2005 and for tax year 2005-2006. I need these in order to be able to get Incapacity Benefits in the United Kingdom . . . ." (Tr. 65.) On November 1, 2011, the SSA sent Grant a letter stating that he was not entitled to additional "quarters of coverage"[1] because he did not have earnings in the relevant years. (Tr. 66.) Grant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 83.)

### B. Procedural History

A hearing was held before ALJ Zachary Weiss on August 14, 2012. (Tr. 152-57). On January 4, 2013, the ALJ issued a decision concluding that Grant was ineligible for quarters of coverage between 2004 and 2006 because he had been receiving federal disability benefits, rather than wages or self-employment income, during that time. (Tr. 20.) The ALJ's decision also noted "that the claimant failed to prove that he had not been asked if he had worked in a foreign country at the time he filed for Title II Disability Insurance Benefits in 1999." (*Id.*)

---

[1] A "quarter of coverage" is the unit the SSA uses to determine a claimant's eligibility for disability benefits. 42 U.S.C. § 413(a)(1). A worker may earn up to four quarters of coverage per year based on her earnings. *Id.* at § 413(d)(2); 20 C.F.R. § 404.140(c). To be entitled to disability insurance benefits, a worker needs at least 20 quarters of coverage in the preceding 40-quarter (*i.e.* ten year) period. 20 C.F.R. § 404.130.

Grant requested review of the ALJ's decision, which the Social Security Appeals Council denied. (Tr. 3-7.) In its denial letter, the Appeals Council stated that "the only issue before the [ALJ] in your case was whether you could be credited with quarters of coverage . . . ." (Tr. 4.) The letter also noted, however, that "a question on foreign coverage is included" in the benefits application, and "must be answered to complete the claim." (Tr. 4.) The Appeals Council attached a copy of the "ADDB screen" for Grant's 1999 disability application, showing "a no answer" to the foreign coverage question. (Tr. 4; *see also* Dkt. No. 20 at 13.)

Grant filed this action on September 25, 2014. (Dkt. No. 1.) In his Complaint, Grant requested that this Court vacate and reverse the Commissioner's "finding that [he] made an affirmative statement in September 1999 that he was not entitled to coverage under another country's social insurance program." (*Id.* ¶ 15.) The Commissioner moved to dismiss for lack of subject matter jurisdiction, arguing that the SSA had not made any final decision about Grant's entitlement to benefits under the UK pension system. *See* Fed. R. Civ. P. 12(b)(1). The Commissioner also moved to dismiss Grant's claim for UK disability benefits under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Finally, the Commissioner moved for judgment on the pleadings with respect to the determination that Grant was ineligible for additional quarters of coverage under 42 U.S.C. § 413. *See* Fed. R. Civ. P. 12(c). Because the Court concludes that it lacks subject matter jurisdiction over the part of Grant's claim that concerns his entitlement to UK disability benefits, it need, and does not, reach the argument for dismissal under Rule 12(b)(6).

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction, and may not preside over cases absent subject matter jurisdiction." *Steadman v. Colvin*, No. 14-CV-7495, 2015 WL 4393022, at *3

(S.D.N.Y. July 14, 2015) (Caproni, J.) (citation omitted).  A defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  In assessing such a motion, the court "must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff."  *Steadman*, 2015 WL 4393022, at *3 (citation omitted).  Unlike on a 12(b)(6) motion, however, the Court may consider evidence outside the pleadings.  *Navan v. Astrue*, No. 11-CV-6732, 2012 WL 398635, at *2 (S.D.N.Y. Feb. 8, 2012) (Cote, J.).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.* (quoting *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

Provided that it has jurisdiction, a district court may set aside a final decision by the Commissioner if (1) "the factual findings are not supported by substantial evidence" or (2) "the decision is based on legal error."  *Bushey v. Colvin*, 607 F. App'x 114, 115 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)).  The Second Circuit has defined substantial evidence as "more than a mere scintilla, and as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citation and internal quotation marks omitted).  A court may not substitute its judgment for the Commissioner's, "even if it might justifiably have reached a different result upon a *de novo* review."  *Downes v. Colvin*, No. 14-CV-7147, 2015 WL 4481088, at *6 (S.D.N.Y. July 22, 2015) (quoting *DeJesus v. Astrue*, 762 F. Supp. 673, 683 (S.D.N.Y. 2011)).

### III.  Discussion

#### A.  UK Benefits

Jurisdiction over Social Security claims is governed by 42 U.S.C. § 405(g).  Under that provision, a district court may review only a "final decision of the Commissioner of Social

Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). "For a decision to be 'final' for the purposes of Section 405(g), a claimant must exhaust a four-step administrative review process: (1) an initial determination . . . ; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an ALJ; and (4) Appeals Council review, if the claimant wishes to contest the ALJ's decision." *Straw v. Colvin*, No. 13-CV-2470, 2016 WL 817450, at *3 (S.D.N.Y. Feb. 26, 2016) (Carter, J.) (citing 20 C.F.R. § 404.900(a)). "The Second Circuit interprets Section 405(g) to grant jurisdiction to review an SSA decision only if that decision follows an actual hearing on the merits." *Moses v. Colvin*, No. 13-CV-2041, 2013 WL 5663071, at *2 (S.D.N.Y. Oct. 17, 2013), *adopted in full*, 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013).

The Commissioner has not made final decision after a hearing on the merits of Grant's claim to UK Incapacity Benefits. Grant argues that that the ALJ "determined that he [had] disclaimed eligibility or entitlement to [UK] Incapacity Benefits," and that the Appeals Council denied review of that determination, making it final. (Dkt. No. 20 at 1.) But the ALJ in this case never made an affirmative determination that Grant had disclaimed UK benefits. The "Decision" section of the ALJ's opinion reads, in full: "I find that the claimant was not entitled to quarters of coverage in 2004, 2005 and 2006 because he was receiving disability insurance benefits." And the section titled "Findings of Facts and Conclusions of Law" contains no findings related to the 1999 application. (Tr. 21-22.) Moreover, when the Appeals Council reviewed Grant's claim, it noted that eligibility for additional quarters of coverage was "the only issue" under consideration. (Tr. 4.) While both the ALJ and the Appeals Council mentioned Grant's answers to foreign coverage questions on his 1999 benefits application, these statements are essentially dicta in decisions regarding Grant's insured status between 2004 and 2006.

6

Grant now argues that his claim before the SSA was a request to correct his records, or alternatively, a "claim of misinformation" under 20 C.F.R. § 404.633. (Dkt. No. 20 at 6, 9.) The Court does not decide whether these claims have merit, nor does it hold that Grant is precluded from bringing such claims to the SSA. The only conclusion at this juncture is that Grant has not received a hearing and a final decision on the merits of the claims he now makes. In such circumstances, the Court may not engage in judicial review. *Steadman*, 2015 WL 4393022, at *4 ("[A] claimant must be party to an actual hearing on the merits of his case. Absent a hearing on the merits, a claimant has not exhausted the administrative review process."); *Ramos v. Astrue*, No. 11-CV-6204, 2012 WL 2358158, at *2 (E.D.N.Y. June 20, 2012) (noting that subject matter jurisdiction requires a "hearing and determination of the merits by a final decision" (citation omitted)). To the extent that Grant asks this Court to determine whether he is entitled to UK Incapacity Benefits, whether he has disclaimed entitlement to those benefits, whether he received misinformation from an SSA employee, or whether his records should be corrected, the Court concludes that it lacks subject matter jurisdiction to hear Grant's claim. The motion to dismiss those claims under Rule 12(b)(1) is therefore granted.

### B.     Quarters of Coverage

The Commissioner moves for judgment on the pleadings with respect to the ALJ's decision that Grant is not entitled to quarters of coverage for the period between 2004 and 2006. (Dkt. No. 14 at 6.) Grant does not oppose this motion. Having reviewed the full administrative record, including the transcript of Grant's hearing, at which he stated that he did not have earnings in 2005 and 2006, (Tr. 154), the Court concludes that the Commissioner's decision is supported by "substantial evidence" and contains no legal error in its calculation of Grant's

quarters of coverage under 42 U.S.C. § 413. *See Bushey*, 607 F. App'x at 115 (defining "substantial evidence").

## IV.     Conclusion

For the foregoing reasons, the Commissioner's motion for dismissal under Rule 12(b)(1) is GRANTED and the Commissioner's motion for judgment on the pleadings is GRANTED. Grant's motion for judgment on the pleadings is DENIED.

The Clerk of Court is directed to close the motions at docket numbers 13 and 19 and to close this case.

SO ORDERED.

Dated: March 21, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge